UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-21774-GAYLES

**CARLOS RODRIGUEZ**,

    Plaintiff,

v.

**EVANSTON INSURANCE COMPANY**,

    Defendant.

_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff Carlos Rodriguez's Motion for Remand (the "Motion") [ECF No. 8]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

## BACKGROUND

On March 26, 2021, Plaintiff commenced this action against Defendant Evanston Insurance Company in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1-1]. The Complaint raises one count for breach of contract. *Id.* at 3–4. Plaintiff also seeks attorney's fees and costs pursuant to Florida Statute § 627.428(1). *Id.* at 4 ¶ 26. On May 11, 2021, Defendant removed this action based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. [ECF No. 1]. In its Notice of Removal, Defendant states that the amount in controversy exceeds $75,000 and that the parties are diverse because they are citizens of different states. *Id.* at 2 ¶¶ 7–9. As to the amount in controversy, Defendant states that the Full Pro Restoration estimate Plaintiff provided Defendant reflects damages totaling $88,977.86. *Id.* at 3 ¶ 12. *See also* [ECF No. 1-5]. As to

diversity, Defendant states that the parties are diverse because Plaintiff is a citizen of the State of Florida and domiciled in Miami-Dade County, Florida, and Defendant is an Illinois corporation that also maintains its principal place of business in Illinois. [ECF No. 1 at 2 ¶¶ 7–8]. On May 18, 2021, Defendant moved to dismiss the Complaint. [ECF No. 6].

On June 7, 2021, Plaintiff filed the instant Motion, arguing that remand is proper because the amount in controversy does not exceed $75,000. [ECF No. 8 at 2–3]. Specifically, Plaintiff argues that Defendant improperly calculated the amount in controversy, failing to account for prior payments made and claim deductibles applicable to Plaintiff's claim. *Id.* at 2 ¶ 7. Plaintiff states that the previous payment totaled $10,000 and that a 3% deductible for windstorm damages applies under the insurance policy, which results in a $6,000 deductible. *Id.* at 2 ¶¶ 8–9. Plaintiff thus contends that the true amount in controversy in this matter is $72,409.88,[1] and thus fails to meet the jurisdictional minimum. *Id.* at 2 ¶ 10.

## LEGAL STANDARD

28 U.S.C. § 1441 permits a defendant to remove to federal court a civil case filed in state court if the federal court has original jurisdiction. A district court's original jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). Federal question jurisdiction

---

[1] On June 7, 2021, Plaintiff filed an Amended Complaint in state court—after this case was removed—"clarifying the amount in controversy and setting forth the actual amount in controversy as $56,409.88 to avoid any speculation as to the amount at issue." [ECF No. 8 at 3 ¶ 12]. *See also* [ECF No. 8-2]. However, Plaintiff's Amended Complaint in state court does not affect this action because "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007) (per curiam). Moreover, Plaintiff did not file his Amended Complaint in this Court.

exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists over a civil action in which the parties' citizenship is fully diverse and the amount in controversy exceeds $75,000, "assessed at the time of removal." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *see also* 28 U.S.C. § 1332(a). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction," *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012), and bears the burden of demonstrating that removal is proper, *see Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole Cnty.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252–53 (11th Cir. 1999)). A district court considering a timely-filed motion for remand "has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007). However, "the district court when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish the facts present at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)).

When considering a motion for remand, the district court must "'strictly construe[] the right to remove' and apply a general 'presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand.'" *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (quoting *Russell Corp. v. Am. Home*

*Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001)). In so doing, a district court "should be equally vigilant to protect the right to proceed in the [f]ederal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Pretka*, 608 F.3d at 766 (quoting *Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)). If the removing party fails to bring forth sufficient evidence to establish that removal is proper, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214–15.

## ANALYSIS

The parties do not dispute that complete diversity of citizenship exists. *See* 28 U.S.C. § 1332. Rather, the parties dispute whether the amount in controversy exceeds the jurisdictional threshold of $75,000. The Court finds that the amount in controversy is met here and, therefore, diversity jurisdiction exists over this matter.

"Where the pleadings are inadequate, we may review the record to find evidence that diversity jurisdiction exists." *Williams*, 269 F.3d at 1320. Here, "[i]t is not 'facially apparent' from the Complaint that the amount in controversy exceeds $75,000; accordingly, the Court turns to the Notice of Removal." *Edgecombe v. Lowes Home Ctrs., L.L.C.*, 391 F. Supp. 3d 1142, 1148 (S.D. Fla. 2019). *See also Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020) ("Where, as in this case, the complaint alleges an unspecified amount of damages, the district court is not bound by the plaintiff's representations regarding its claim, and may review the record for evidence relevant to the amount in controversy." (citation and internal quotation marks omitted)). When the amount in controversy is disputed, the burden rests on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B)). *See also Shelly v. Target Corp.*, 446 F. Supp. 3d 1011, 1013 (S.D. Fla. 2019)

("Where, as here, the complaint seeks an unspecified amount of damages, Defendant must establish the amount in controversy by a preponderance of the evidence."). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88–89.

Here, Defendant relies on the Full Pro Restoration estimate Plaintiff provided to argue that the amount in controversy totals $88,977.86. [ECF No. 1 at 3 ¶ 12]; [ECF No. 1-5]. "This Court has routinely found that repair estimates can demonstrate that the amount in controversy exceeds $75,000.00 when supported with line item damages." *Haripaul v. Integon Nat'l Ins. Co.*, No. 19-CIV-60746, 2019 WL 7708458, at *2 (S.D. Fla. Aug. 7, 2019) (collecting cases). The Full Pro Restoration estimate that Plaintiff provided Defendant, on its face, reflects a claim for damages that exceeds the jurisdictional threshold and is "'itemized' with 'highly detailed repair costs[.]'" *Id.* (alterations in original) (quoting *Perez-Malo v. First Liberty Ins. Co.*, No. 17-CIV-21180, 2017WL 7721958, at *3 (S.D. Fla. June 8, 2017)). *See also Gonzalez v. Scottsdale Ins. Co.*, No. 18-CIV-23728, 2019 WL 7943609, at *2 (S.D. Fla. Mar. 27, 2019) ("[T]here is no suggestion in the record that the letter submitted by Plaintiff's counsel, the Proof of Loss, or the Damages Estimate were the result of 'puffing and posturing.' Instead, they provide 'specific information' as to the amount of damages claimed by Plaintiff.").

Plaintiff argues that the Court should factor in Defendant's previous payment of $10,000, as well as the 3% deductible amounting to $6,000, to reduce the actual amount in controversy to $72,409.88—an amount below the jurisdictional threshold. Even if the Court were to consider this to be the actual amount of potential damages, Plaintiff also seeks attorney's fees and costs pursuant

5

to Florida Statute § 627.428(1).[2] *See* [ECF No. 1-1 at 4 ¶ 26]. "As a general rule, only attorney's fees allowed by statute or by contract count towards the amount in controversy." *Shelly*, 446 F. Supp. 3d at 1013. "When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Id.* (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000)). "The Court may use its reason and experience when considering how much reasonable attorney's fees would be . . . ." *Coopersmith v. Scottsdale Ins. Co.*, No. 18-CIV-23382, 2019 WL 1252627, at *2 (S.D. Fla. Mar. 19, 2019). Considering the nature of the case and claim brought against Defendant, "it is more than reasonable to assume" that the attorney's fees in this action would bring the amount in controversy above the jurisdictional threshold. *See Valladares v. Praetorian Ins. Co.*, No. 16-CIV-21678, 2017 WL 272310, at *1 (S.D. Fla. Jan. 20, 2017) (finding $12,822.34 in attorney's fees reasonable where attorney's fees were sought pursuant to Florida Statute § 627.428(1)). The Court therefore finds that, at the time of removal, the amount in controversy in this case exceeded $75,000 and that diversity jurisdiction exists. The Motion shall therefore be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Carlos Rodriguez's Motion for Remand, [ECF No. 8], is **DENIED**.

---

[2] Section 627.428(1) states in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).

2. The parties shall comply with the Court's May 26, 2021 Order, [ECF No. 7], on or before **January 6, 2022**.

3. Plaintiff shall respond to Defendant's Motion to Dismiss, [ECF No. 6], on or before **December 30, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of December, 2021.

```
_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE
```